In re CONDEMNATION BY the COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, OF RIGHT OF WAY FOR STATE ROUTE 0079, SECTION W10, a Limited Access Highway, in the Township of Cecil, Petitioner,

v.

**Dennis SLUCIAK, Respondent.**

Supreme Court of Pennsylvania.

Dec. 16, 1999.

Walter F. Cameron, Pittsburgh, for petitioner.

## ORDER

PER CURIAM:

AND NOW, this 16th day of December, 1999, the Petition for Allowance of Appeal is hereby GRANTED, limited to the following issues as framed by PennDOT:

    a. Is a condemnee precluded from asserting damages for the taking of his

---

cally found that estoppel would not be in Z.F.'s best interests, as Mother testified that she plans to tell Z.F. the truth of his paternity on the advice of a psychologist that it is in the best interests of Z.F. to do so.

1. As we set forth in *Brinkley,* the presumption does not attach because the marriage is not intact, and there is no marriage to preserve. *Brinkley v. King,* 549 Pa. 241, 250, 701 A.2d 176, 180 (1997).

entire property based on an alleged landlocking where he failed to file preliminary objections to the declaration of taking which clearly depicted a partial taking of the property with access to the remaining land via a long-existing driveway that he knew was considered by the condemnor in making its offer of damages?

b. Should an access way to property remaining after a partial de jure condemnation be considered in determining damages due to the taking where the condemnor never intended to landlock the condemnee's remaining property and acquired the access way for the benefit of the remaining property after condemnation, but before access was ever terminated and before a final determination of damages for the taking?